# WILLIAMS v. CHARLES.

The settlement of an account by the defendant in execution with the sheriff, for money due from him, is no discharge of the execution, although the sheriff receipts for the amount of the account as money.

Writ of error to the Circuit Court of Macon.

THIS suit was commenced on a suggestion by Charles, that Williams, as the sheriff of Macon county, by the use of due diligence, could have made the money on a *fi. fa.* at the suit of Charles against one Jennings, and others.

At the trial of an issue between the parties it was in evidence that a *fieri facias* was issued on a forthcoming bond, on the 4th day of July, 1843, against Jennings and others, which the defendant returned satisfied as to all but 271 50-100 dollars, which amount he returned, had been paid to a former sheriff as appeared from his receipt. A *fi. fa.* had previously issued against Jennings and one of the parties on the 27th day of February in the same year, and was indorsed as received the 28th of that month, by one Fitzpatrick, who then was the sheriff. He vacated the office without doing execution by any actual levy, and the *fi. fa.* came to the hands of the defendant on the 18th May, of the same year. It was levied by the latter on a slave, and returned without satisfaction. Fitzpatrick was indebted to Jennings for fees as jailer, and on a settlement with him before he handed over the *fi. fa.*, last named to the defendant, as his successor he gave him a receipt for 271 50-100 dollars against the *fi. fa.*, but received no money from him. The defendant was notified when the execution last issued was placed in his hands, to proceed and make the money without reference to the receipt given by the former sheriff, as no money had been paid by Jennings.

On this state of proof, the defendant requested the Court to instruct the jury :

1. That if they believed that the execution placed in the hands of Fitzpatrick was never returned by him, but was afterwards placed in the hands of the defendant as his successor, and was by him returned levied, and returned as forfeited, that no rule could be maintained against the defendant on the execution subsequently issued on the forfeited bond.

2. That if Fitzpatrick received on settlement from Jennings an account due to him for jail fees, and gave a receipt for the amount when the execution was in his hands, then Jennings is discharged to that extent, and the defendant is not liable thus far.

3. That if they believed the receipt from Fitzpatrick to Jennings was presented to the defendant, he was bound to re-

ceive it as such; and that it was proper to be taken into consideration by them under the issue of due diligence, even though the defendant was notified that no money was paid by Jennings in satisfaction of the execution, if the former sheriff could have made the money out of Jennings by a levy.

These several charges were refused, and the refusal is now charged as error.

HARRIS, for the plaintiff in error.

COCKE, contra, cited Gullet v. Lewis, 3 Stew. 23; Bobo v. Johnson, 3 S. &. P. 385; Codwise v. Fields, 9 John. 263; Bank of Or. County v. Wakeman, 1 Cowen, 46; Mumford v. Armstrong, 4 Cowen, 553.

GOLDTHWAITE, J.—We are unable to perceive any error in the refusal to give the charges which the defendant below requested. The sheriff is a special agent appointed by the law to perform certain duties, and not the least important of these is, the collection of money on the final process of the Courts of justice. He is not permitted to negotiate between the parties so as to accept of any thing but money, as the satisfaction of an execution in his hands.

The settlement of an account with the sheriff in discharge of an execution in whole or in part, is no payment of money, and if permitted, would lead to the greatest abuses. In Bobo v. Johnson 3 S. & P. 385, this Court expressed a similar opinion where specific property had been traded for by a constable. In Codwise v. Field, 9 John. 263, where the sheriff, without consideration, discharged the debtor, it was said that such an act would not affect the creditor, although the sheriff would be bound. In a case determined at the last term, we held, that the sureties on a sheriff's bond would not be permitted to impeach his return of satisfaction, by showing that the defendant in execution had traded him a watch in payment; but it is evident the principle there was not the same as now presented.

Let the judgment be affirmed.